UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KAYA SIMIONS,                      )
                                   )
        Petitioner,                )
                                   )
    v.                             )     2:09-cr-00199-GZS
                                   )     2:16-cv-00308-GZS
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Respondent                 )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Kaya Simions moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 69.)[1] Petitioner contends he is entitled to be resentenced because, pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (*Johnson II*),[2] which held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutional, Petitioner no longer has three prior ACCA violent felonies.

The First Circuit granted Petitioner's request to file a successive section 2255 motion reasoning that "Petitioner has made a prima facie showing that his challenge, pursuant to [*Johnson II*], to his armed-career-criminal designation legitimately relies on a 'new rule of constitutional law, made retroactive to cases on collateral review by the

---

[1] Petitioner filed his initial pro se motion (ECF No. 69), followed by a pro se motion to amend (ECF No. 82). He was appointed counsel, and he filed a counseled reply (ECF No. 90).

[2] *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (*Johnson II*), concerned petitioner Samuel James Johnson. An earlier Supreme Court case by the same name, *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*), is discussed below, and concerned petitioner Curtis Darnell Johnson. References below to a "*Johnson* claim" are to *Johnson II*.

Supreme Court, that was previously unavailable.'" (*Simions v. United States*, No. 16-2021 (1st Cir. Sept. 16, 2016) (quoting 28 U.S.C. § 2255(h)(2)).) The First Circuit "express[ed] no opinion whatsoever as to the ultimate merits of petitioner's claim." *Id.*

The Government requests summary dismissal. (Response, ECF No. 89.) The Government argues that, pursuant to 28 U.S.C. § 2244(b), Petitioner may not pursue a *Johnson* claim because he cannot demonstrate that his enhanced sentence was based solely on the now-unconstitutional residual clause of the ACCA. (*Id.* at 7-8.) In other words, the Government argues that because the sentencing court did not state that the predicate violent felonies qualified under the residual clause, Petitioner has not met his burden under section 2244(b). (*Id.*) The Government, however, concedes that if the Court decides Petitioner does not have such a burden, Petitioner is entitled to habeas relief. (*Id.* at 9-10.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court deny the Government's request and grant Petitioner's request for habeas relief.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2010, following a guilty plea, Petitioner was convicted of possession of a firearm by a felon, and he was sentenced as an armed career criminal to a prison term of 180 months, to be followed by a term of five years of supervised release. (Judgment, ECF No. 21 at 1-3.) At sentencing, Petitioner's status as an armed career criminal under the 18 U.S.C. § 924(e)(2)(B) was based on the following five prior Massachusetts offenses: assault and battery of a police officer; assault and battery of a public employee; breaking

and entering during the day; and two offenses of breaking and entering at night.[3] (Sentencing Tr., ECF No. 39 at 4-13.) Petitioner did not appeal from the conviction or the sentence.

Petitioner filed his first section 2255 motion in 2011. (Motion, ECF No. 33.) In the motion, Petitioner alleged ineffective assistance of counsel. (*Id.* at 4, 5.) The Court denied the motion. *Simions v. United States*, 858 F. Supp. 2d 124 (D. Me. 2012). (Recommended Decision, ECF No. 52; Order Affirming, ECF No. 56.) The First Circuit subsequently denied Petitioner's application for a certificate of appealability. (*Simions v. United States*, No. 12-1530 (1st Cir. Nov. 21, 2012).)

On June 14, 2016, Petitioner filed the pending section 2255 motion.[4] (Motion, ECF No. 69.) Because the motion was a second or successive such motion, over which this Court lacked jurisdiction in the absence of First Circuit authorization, the Court transferred the motion to the First Circuit, pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e). *See Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). (Recommended Decision, ECF No. 70; Order Affirming, ECF No. 72.) As explained

---

[3] The Government represents that it did not proffer an additional Massachusetts offense, assault with a dangerous weapon, as a separate predicate violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B); the Government represents that it presumes the offense was not proffered at sentencing because the conviction occurred on the same date as one of the breaking and entering offenses. (Response, ECF No. 89 at 4 n.3.) However, the Government argues that the Massachusetts conviction of assault with a dangerous weapon would qualify as a violent felony, based on the First Circuit's holding in *United States v. Whindleton*, 797 F.3d 105, 116 (1st Cir. 2015). (Response at 9 n.6.)

[4] Although Petitioner's pro se motion was not signed under penalty of perjury as required under Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, *see* 28 U.S.C. § 1746, this recommended decision assumes, without recommending a decision on the issue, that if necessary, the Court would permit Petitioner to file a version that contained the required declaration.

above, the First Circuit granted Petitioner's request to file a successive section 2255 motion.[5]

## II. DISCUSSION

Petitioner's sentence was enhanced, pursuant to 18 U.S.C. § 924(a)(2), (e)(1), because the Court found he had at least three prior convictions that qualified as "violent felonies" under section 924(e)(2)(B).[6] (Sentencing Tr. at 13.) Without the enhancement,

---

[5] The pending second or successive 28 U.S.C. § 2255 motion also refers to claims of ineffective assistance. (Motion, ECF No. 69 at 1-2.) The ineffective-assistance claims are not addressed in this recommended decision, because the First Circuit's grant of Petitioner's application for leave to file a second or successive motion was based solely on the issue raised in *Johnson II*. *(Simions v. United States*, No. 16-2021 (1st Cir. Sept. 16, 2016).)

[6] Title 18 U.S.C. § 924(a)(2) provides in relevant part: "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

Section 924(e)(1) provides in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .

Section 924(e)(2)(B) provides in relevant part:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, or the use of explosives, is known as the "enumerated" offenses clause; and the remainder of section 924(e)(2)(B)(ii), i.e., the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, --- F.3d ---, 2017 WL 2802755, at *4, 2017 U.S. App. Lexis 11598, at *12 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017). In *Johnson II*, the Supreme Court explicitly left intact the force clause and the enumerated offenses clause of section 924(e)(2)(B): "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. In *Welch v.*

4

Petitioner would have been subject to a maximum of ten years in prison, but with three prior violent felonies, he was subject to a minimum of fifteen years in prison. 18 U.S.C. § 924(a)(2), (e)(1).

The Government's response to the pending motion is limited; it concedes that, following the First Circuit's decision in *United States v. Faust*, 853 F.3d 39 (1st Cir. 2017), it cannot establish that Petitioner's prior assault and battery on a police officer or his prior assault and battery on a public employee qualifies as a predicate violent felony under the force clause. (Response at 9.) The Government also declines to defend the Massachusetts breaking and entering convictions as predicate violent felonies under the enumerated offenses clause, following the Supreme Court's decision in *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016). (*Id.* at 9-10.) Rather, the Government's sole argument is that Petitioner is not entitled to relief because he has a burden under 28 U.S.C. §2244(b) to demonstrate that the record supports a claim based on *Johnson II*, and he cannot meet that burden because he cannot establish that the Court relied on the residual clause to conclude that any of the prior crimes qualified as an ACCA predicate. (*Id.* at 8 9.) The Government concedes that if the Court determines Petitioner has met the requirements of section 2244(b), Petitioner is entitled to be resentenced. (*Id.* at 10.)

The Government's argument regarding Petitioner's burden is evidently based on the language of section 2244(b), which provides in relevant part: "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented

---

*United States*, --- U.S. ---, ---, 136 S. Ct. 1257, 1264-65, 1268 (2016), the Supreme Court held that *Johnson II* announced a new, substantive rule that has retroactive effect in cases on collateral review.

5

in a prior application shall be dismissed *unless . . . the applicant shows* that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A) (emphasis added). Similarly, section 2244(b)(4) provides: "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed *unless the applicant shows* that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4) (emphasis added).

The First Circuit has not yet addressed the showing a petitioner is required to make under sections 2244(b)(2)(A) and 2244(b)(4).[7] The Government cites, among other cases, *In re Moore*, 830 F.3d 1268 (11th Cir. 2016), in support of its argument. (Response at 8.) In *Moore*, a panel of the Eleventh Circuit concluded:

> [T]he district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence−if the court cannot tell one way or the other−the district court must deny the § 2255 motion. It must do so because the movant will have failed to carry his burden of showing all that is necessary to warrant § 2255 relief.

830 F.3d at 1273.

---

[7] Although the First Circuit authorized the filing of a second or successive petition, this Court must consider whether Petitioner's section 2255 motion should be dismissed for lack of jurisdiction under 28 U.S.C. § 2244(b)(4). *See In re Pendleton*, 732 F.3d 280, 283 (3d Cir. 2013) (noting that the grant of a motion to file a successive petition was "tentative, and the District Court must dismiss the habeas corpus petition for lack of jurisdiction if it finds that the requirements for filing such a petition have not in fact been met"); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (holding that the district court reviews *de novo* whether the claim must be dismissed under section 2244(b)(1) or (2)).

6

As the Government notes, contrary authority exists in *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017), and also in *In re Chance*, 831 F.3d 1335 (11th Cir. 2016), which was decided by a different Eleventh Circuit panel than decided *Moore*. (Response at 8.) In *Winston*, the Government presented essentially the same argument as in *Moore*, although the Government characterized it as a procedural bar. 850 F.3d at 681-82. In *Winston*, the Court held that although "the record does not establish that the sentencing court relied on the residual clause to conclude that the Virginia common law robbery conviction qualified as a violent felony," the petitioner's claim nonetheless relied on *Johnson II*:

> We agree with the district court's conclusion that Winston's claim for post-conviction relief "relied on," at least in part, the new rule of constitutional law announced in *Johnson II*. Although the record does not establish that the residual clause served as the basis for concluding that Winston's prior convictions for rape and robbery qualified as violent felonies, "[n]othing in the law requires a [court] to specify which clause . . . it relied upon in imposing a sentence." [*Chance*, 831 F.3d at 1340]. We will not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony. Thus, imposing the burden on movants urged by the government in the present case would result in "selective application" of the new rule of constitutional law announced in *Johnson II*, violating "the principle of treating similarly situated defendants the same." *Id.* at 1341 (quoting [*Teague v. Lane*, 489 U.S. 288, 304 (1989)]).

*Winston*, 850 F.3d at 682 (footnote omitted). The Court rejected the Government's argument that the petitioner's claim presented a procedural bar:

> Like the district court, we reject the government's various related procedural arguments. Although Winston's claim depends on the interplay between *Johnson II*, permitting post-conviction review of the ACCA-enhanced sentence, and *Johnson I*, defining the scope of the force clause, Winston nonetheless relied to a sufficient degree on *Johnson II* to permit our present review of his claim. Any argument that Winston's claim did not "rely on"

7

*Johnson II*, because that claim would not be successful, does not present a procedural bar. Instead, that issue presents the substantive argument whether, even after receiving the benefit of *Johnson II*, the defendant still is not entitled to relief, because his conviction nonetheless falls within the force clause.

*Id.* n.4.

*Chance* involved a sentence enhanced under 18 U.S.C. § 924(c), "which requires a longer prison sentence whenever a defendant uses a firearm during a 'crime of violence or drug trafficking crime.'" 831 F.3d at 1337.[8] An Eleventh Circuit panel concluded that the panel that decided *Moore* erred when it held that a petitioner must prove the sentence was enhanced under the residual clause in order to obtain relief under *Johnson II*:

> In our view, it makes no difference whether the sentencing judge used the words "residual clause" or "elements clause," or some similar phrase. If [*Johnson II*] means that an inmate's § 924(c) (or § 924(o)) companion conviction should not have served as such, then the text of § 924(c) no longer authorizes his sentence and his imprisonment is unlawful. . . . To be sure, the inmate is the one who has to make the showing that his sentence is now unlawful. But we believe the required showing is simply that § 924(c) may no longer authorize his sentence as that statute stands after [*Johnson II*]−not proof of what the judge said or thought at a decades-old sentencing. No matter what the judge said, it is precedent from the Supreme Court and this Court that dictates which offenses meet § 924(c)'s definitions. . . . So, if the Supreme Court has said an inmate's conviction does not meet one of the definitions that survive [*Johnson II*], then the inmate may have a claim that he has "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law."

---

[8] In *In re Chance*, 831 F.3d 1335, 1337 (11th Cir. 2016), the Eleventh Circuit noted that it had recently "ruled that [*Johnson II*'s] holding may invalidate the 'very similar' § 924(c)(3)(B) residual clause." The First Circuit has not yet had occasion to address the issue whether *Johnson II* applies to section 924(c). *See United States v. Ponzo*, 853 F.3d 558, 585-86 (1st Cir. 2017) (noting that "[t]he question presented−whether § 924(c)'s risk-of-force clause is invalid under [*Johnson II*'s] reasoning−is an open one in our circuit," and holding that the petitioner did not demonstrate that it was plain error not to invalidate a section 924(c) conviction under *Johnson II*).

*Chance*, 831 F.3d at 1341 (citation omitted) (quoting 28 U.S.C. § 2255(a)).[9]

The reasoning of *Winston* and *Chance* is persuasive. For a court to deprive a petitioner of the habeas relief otherwise afforded by *Johnson II*, merely because the sentencing court exercised its discretion not to specify that the petitioner's ACCA-enhanced sentence was based on the residual clause, would be inconsistent with *Johnson II*. *Johnson II* does not support the procedural bar urged by the Government. Petitioner has thus demonstrated that he has met the requirements of sections 2244(b)(2)(A) and 2244(b)(4), based on *Johnson II*.

Because Petitioner is not procedurally barred from asserting a *Johnson* claim, and because the Government concedes that under *Mathis* and *Faust*, the Government cannot establish that five of Petitioner's prior convictions cited by the Court at sentencing qualify as ACCA predicate violent felonies (Response at 9-10),[10] Petitioner is entitled to habeas relief and resentencing.

---

[9] In *Chance*, the panel concluded that its reasoning and that of the panel in *Moore* provided two options for the district court to consider when it decided the case *de novo*, and the panel noted that the district court's decision would be subject to review on appeal: "Should an appeal be filed from the district court[']s determination, nothing in this order shall bind the merits panel in that appeal." *Chance*, 831 F.3d at 1341-42 (quotation marks omitted).

[10] The Government appropriately assumes that if the Court decides in favor of Petitioner on the *Johnson* claim, the Court must take into account Supreme Court precedent, such as *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), that has been decided since Petitioner's sentencing, in the Court's determination of whether Petitioner is still subject to an ACCA-enhanced sentence. *See Bennett v. United States*, No. 16-2039, --- F.3d ---, 2017 WL 2857620, 2017 U.S. App. Lexis 11971 (1st Cir. July 5, 2017) (applying *Mathis* and *Voisine v. United States*, --- U.S. ---, 136 S. Ct. 2272 (2016), both of which were decided after Bennett's sentencing); *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017) (applying *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276 (2013), which was decided after Winston's sentencing); *Chance*, 831 F.3d at 1340 (discussing and disagreeing with *Moore,* and citing *Mathis* and *Descamps*, both of which were decided after Chance's sentencing).

### III. CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Petitioner's request for habeas relief. Specifically, I recommend the Court resentence Petitioner.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of July, 2017.